O’Neill, J.
There is but a single question to be decided here: Is the Department of Mental Hygiene and Correction required by law to accept juveniles lawfully committed to it by the Juvenile Courts of this state?
The Juvenile Court has exclusive original jurisdiction over delinquent minors. (This power is derived from Section 1, Article TV of the Constitution of Ohio, and the court is established and its jurisdiction defined by Chapter 2151, Revised Code, and Section 2151.23, Revised Code, provides exclusive original jurisdiction over delinquent minors.)
*574 Section 5119.18, Revised Code, is controlling in this case. It is mandatory in its requirement of acceptance of a minor by the department when the court determines that such, minor requires state institutional care. The Department of Mental Hygiene and Correction is under a clear legal duty to accept the minor who is committed to it by a Juvenile Court after such a finding.
The respondent here argues that he lacks space for housing delinquents and providing them with the treatment and educational and vocational training required by law for reformation and rehabilitation of delinquent minors.
The court recognizes the difficult position of the Director of Mental Hygiene and Correction. The court is also cognizant of the plight of the judge when the state refuses to accept a minor whose condition demands institutional care.
Neither the Juvenile Court judge nor the Director of Mental Hygiene and Correction has the power to deal with the problem of lack of space and facilities, or the lack of personnel to insure custody and training of delinquents.
This court cannot supply the answer to that problem. The appropriation of . public money to build, equip, maintain and staff facilities to rehabilitate juvenile delinquents who need state institutional care is a legislative problem and ultimately a question to be decided by the electorate.
The law is clear. The duty to accept a minor found to need institutional care by a judge of a Juvenile Court and committed to the Department of Mental' Hygiene and Correction is mandatory upon the Director of Mental Hygiene and Correction.

Writ allowed. ■

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.